IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**EDWARD DIXON,**

    **Defendant.**                                       Case No. 08-cr-30081-DRH

## ORDER

**HERNDON, Chief Judge:**

On November 16, 2011, pursuant to Administrative Order 137, the Court entered an order appointing the Federal Public Defender for the Southern District of Illinois (the FPD) to represent defendant regarding his motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582. Now, the FPD has filed a motion to withdraw (Doc. 56), indicating that the FPD has determined that defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines. The Court allowed defendant time to file a response, but nothing was filed and the time for doing so has passed. For the reasons that follow,

the FPD's motion to withdraw (Doc. 56) is granted, and defendant's motion for retroactive application of sentencing guidelines to crack cocaine offense (Doc. 53) is denied.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 28 U.S.C. § 3582(c)(2). In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); see *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), cert. denied, 129 S. Ct. 2817 (2009).

The Fair Sentencing Act of 2010 (the "Act") became effective November 1, 2011. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Act requires the Sentencing Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses. *Id.* The Act amended the Sentencing Guidelines by reducing the base offense levels for specific

quantities of crack cocaine to apply a retroactively. *Id.;* see U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750).

Here, defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 18 U.S.C. § 3582(c)(2). Defendant's sentencing "guideline for a violation of 18 U.S.C. § 922 is found in U.S.S.G. § 2K2.1(a)(4)(A) and calls for a base offense level of 20 as the defendant committed the instant offense subsequent to sustaining at least one felony conviction for a crime of violence." Thus, defendant's guideline range was not based upon the crack cocaine guideline and is unaffected by the application of Amendment 750. Furthermore, defendant was sentenced to mandatory minimum sentence. "Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum." See *Forman*, 553 F.3d at 588. Accordingly, defendant does not qualify for a reduction.

Therefore, the Court lacks subject matter jurisdiction to consider a reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore grants counsel's motion to withdraw (Doc. 56) and denies defendant's motion for retroactive application of sentencing guidelines to crack cocaine offense (Doc. 53). The Clerk is directed to mail a copy of this Order via U.S. mail to defendant Edward Dixon, #07951-025, Lompoc FCI, Inmate Mail/Parcels, 3901 Klein

Boulevard, Lompoc, CA 93436.

**IT IS SO ORDERED.**

Signed this 25th day of July, 2012.

David R. Herndon
2012.07.25
17:37:38 -05'00'

**Chief Judge
United States District Court**